# EXHIBIT A

IN THE COURT OF COMMON PLEAS

COLUMBIANA COUNTY, OHIO

| | |
|---|---|
| Chase Kinder and Cheri Kinder, individually and d/b/a as Bird Dog Hill Kennels, individually and on behalf of others similarly situated, 48119 Hamilton Road East Palestine, OH 44413; | Case No. 23CV58 |
| Stonybrook Kennel, individually and on behalf of others similarly situated, 1576 West Main Street East Palestine, OH 44413; | Judge: SCOTT WASHAM |
| | CLASS ACTION COMPLAINT |
| and | (Jury Demand Endorsed Herein) |
| Pamela Taas, individually and on behalf of others similarly situated, 493 Alice Street East Palestine, OH 44413 | |
| Plaintiffs, | |
| v. | |
| NORFOLK SOUTHERN CORPORATION 650 W. Peachtree St., NW, Atlanta, GA, 30308 | |
| and | |
| NORFOLK SOUTHERN RAILWAY COMPANY c/o Statutory Agent Corporation Service Company 3366 Riverside Drive, Suite 103 Upper Arlington, OH 43221 | |
| Defendants. | |

1

Now come Plaintiffs and for their Complaint against Defendant states:

## CLASS ALLEGATIONS

1. Plaintiff brings this action on behalf of themselves, and all other persons similarly situated (hereafter collectively "Plaintiffs"), as follows:

**Class A**

All persons, firms or entities who owned or rented property at any time from February 3 through February 17, 2023, within 20 miles of the train derailment that occurred on February 3, 2023 at the East End of East Palestine (APPROX. 40°50'09.6"N 80°31'21.7"W).

**Class B**

All persons who owned, rented, resided in, or worked at a property at any time from February 3 through February 17, 2023, within 20 miles of the train derailment that occurred on February 3, 2023 at the East End of East Palestine (APPROX. 40°50'09.6"N 80°31'21.7"W) and who evacuated the area, were sheltered in place, or were unable to return to their homes or businesses pursuant to direction of safety personnel.

**Class C**

All persons present within 20 miles of the train derailment that occurred on February 3, 2023 at the East End of East Palestine (APPROX. 40°50'09.6"N 80°31'21.7"W).

2. Each of these classes number in excess of 500 persons and each is so numerous that joinder of all members is impracticable, and it is further impracticable to bring all such persons before this Court.

3. The damages to the members of each class present questions of law and fact which are common to each member of that class and which are common to the entire class as a whole.

4. The claims, defenses and damages of the representative Plaintiff are typical of the claims, defenses and injuries of each class member, and the claims, defenses and injuries of the members of each class are typical of those of the entire class.

5. Representative Plaintiff will fully and adequately protect and represent each class, and all of its members.

6. The identity of all members of each class cannot be determined at this time, but will be so determined at a later time upon obtaining discovery from Defendants and others.

7. The prosecution of separate actions by members of each class would create a substantial risk of inconsistent or varying adjudications with regard to individual members of that class which would establish incompatible standards of conduct for the Defendant.

8. Further, the prosecution of separate actions would also create a substantial risk of adjudication with respect to individual members of each class which, as a practical matter, would be dispositive of the interest of other members not party to the adjudication, thereby substantially impairing and impending their ability to protect these interests.

9. The maintenance of this suit as a class action, for one or more of these classes, is the superior means of disposing of the common questions which predominate here.

## PARTIES AND LONG-ARM JURISDICTION

10. Defendant Norfolk Southern Corporation is a Virginia corporation which, through its operating unit and wholly-owned subsidiary or related company, Defendant Norfolk Southern Railway Company, runs railroad equipment through, within and across Ohio and Columbiana County on a regular and persistent basis, and has a yard, tracks, equipment, personnel and other facilities in place and operating within Ohio to generate and which is generating substantial revenue.

11. Defendant Norfolk Southern Railway Company is a Virginia corporation which, as an operating unit and wholly-owned subsidiary or related company of Defendant Norfolk Southern Corporation, runs railroad equipment through, within and across Ohio and Columbiana County on a regular and persistent basis, and has a yard, tracks, equipment, personnel and other facilities in place and operating within Ohio to generate and which is generating substantial revenue. Jurisdiction is alleged pursuant to the Ohio long-arm statute, and service is to be obtained under the Ohio Rules of Civil Procedure.

12. Plaintiffs, Bird Dog Hills Kennels, Stonybrook Kennel and Pamela Taas are individuals or businesses suing on behalf of themselves and others similarly situated as described above.

13. Plaintiffs Chase Kinder and Cheri Kinder live at 48119 Hamilton Road, East Palestine, Ohio within the class area and were affected by the derailment on February 3, 2023 of a Norfolk Southern train in Columbiana County, Ohio. Plaintiffs Chase Kinder and Cheri Kinder

also operate a home-based business, Bird Dog Hill Kennels that was affected by the derailment on February 3, 2023 of a Norfolk Southern train in Columbiana County, Ohio.

14. Plaintiff Stoneybrook Kennel is a business located at 1576 West Main Street, East Palestine, Ohio within the class area and was affected by the derailment on February 3, 2023 of a Norfolk Southern train in Columbiana County, Ohio.

15. Plaintiff Pamela Taas lives at 493 Alice Street, East Palestine, Ohio within the class area and was affected by the derailment on February 3, 2023 of a Norfolk Southern train in Columbiana County, Ohio.

16. Plaintiffs and members of the class, including those who were forced out of their homes or businesses, or who could not go to or return to homes or businesses, on or about Friday, February 3, 2023 and thereafter due to Defendants' actions, have sustained one or more of the following: real estate damage; personal property damage or loss; business or income loss; expenses and out-of-pocket losses; physical injury and/or distress; risk of contact with dangerous chemicals; emotional distress; inconvenience; and/or interruption as a result of the derailment as described in this Complaint.

## BACKGROUND FACTS

17. On February 3, 2023, a Norfolk Southern train derailed around approximately 9pm.

18. The National Transportation Safety Board (NTSB) has "obtained two videos which show preliminary indications of mechanical issues on one of the railcar axles[1]."

19. Such failure of Defendants' equipment is known as a 'hot box,' a term for the overheating of a wheel bearing.

20. This condition, more likely than not, caused a fire which led to the derailment.

21. Defendants' train passed through a wayside defect detector shortly before the derailment, specifically warning Defendants' personnel operating the train of a mechanical problem with the train.

22. Despite this, Defendants' personnel failed to take action to avoid the derailment.

23. Defendants' train had more than 150 cars, including 141 load cars, 9 empty cars, and 3 locomotives.

---

[1] https://www.abc27.com/national/what-caused-the-train-derailment/

4

24. Defendants knew, or in the exercise of reasonable diligence should have known, that this length made it impossible to see, from the locomotive, if anything was on fire.

25. Defendants' train was carrying thousands of pounds of highly dangerous chemicals when it caught fire, derailed, and began to leak.

26. The chemicals being transported included, but were not limited to, poisonous chemicals include pressurized vinyl chloride, butyl acrylate, and benzene residue.

27. Although the derailment occurred Friday, February 3, 2023, neither Defendant released the identity of the chemicals immediately, despite knowing at the time of the derailment what their train was carrying.

28. Defendants did not provide a list until days later, and even then it was not complete as to all hazardous chemicals being transported.

29. Defendants released vinyl chloride from several of the cars for fear of explosion.

30. Upon derailment, a huge fire erupted from Defendants' train.

31. The fire created so much smoke it was visible to meteorologists on weather radar.

32. Chemicals discharged from Defendants' train have contaminated local groundwater, resulting in deaths of fish in Leslie Run, Bull Creek and North Fork, according to a representative of the Division of Natural Areas and Preserves[2].

33. Because of the failure of defendant to exercise due care, the derailment and subsequent fire and chemical discharge occurred.

34. These circumstances, including the dangerous substances which among other things can cause physical injury when inhaled, were hazardous to life, health and property.

35. The chemicals entered the neighboring community.

36. The fires and the smoke from them, and the releasing chemicals, spread into the community.

37. It is dangerous to be near or around these chemicals and these conditions for the reasons set forth above.

38. Class members were required to leave their homes, to be sheltered in place, to stay away from and not return to their homes, to leave their businesses, and to stay away from and not return to their businesses, due to the foregoing.

---

[2] https://www.abc27.com/news/officials-speak-on-dead-fish-following-train-derailment/

39. As a result of the foregoing, the class members in Class A have experienced property damage and expense, all to their damage. The members of Class B have experienced economic loss and expense, emotional distress, discomfort and inconvenience, all to their damage. The members of Class C have experienced exposure to hazardous chemicals which create a risk of harm justifying testing, monitoring, and other relief, and those persons have likewise experienced other losses and expenses.

## COUNT ONE
### (Negligence)

40. Plaintiffs re-allege all matters set forth above.

41. The foregoing derailment occurred due to the negligence of Defendants or either of them through the acts or omissions of their employees or representatives. Defendants had, and in this matter breached, a duty to:

- operate their train in a safe manner; and,
- adequately inspect, repair and maintain its equipment, including the axles, release valves, warning systems, and all other related devices.

42. As a direct and proximate result of the foregoing, and of Defendants' breach of duties and Defendants' negligence, Plaintiffs and the class members experienced damages as outlined herein for which recovery is requested.

## COUNT TWO
### *(Res Ipsa)*

43. Plaintiffs re-allege all matters set forth above.

44. The train and related equipment, and specifically the part of them causing the problem which resulted in the derailment, was an instrumentality within the exclusive control of Defendant when failure resulting in the derailment occurred.

45. But for the negligence of Defendants, or either of them, the derailment would not have occurred.

46. As a direct and proximate result of the foregoing, Plaintiffs and the class members experienced damages as outlined herein for which recovery is requested.

## COUNT THREE
### (Nuisance)

47. Plaintiffs re-allege all matters set forth above.

6

48. Defendants' actions described above endangered the health of persons in the surrounding community, gave offense to the senses, caused discomfort to the named Plaintiffs and the class members, and obstructed and interfered with their reasonable and comfortable use of property, business, and otherwise.

49. Plaintiffs in Class A and B owning real property have experienced, for and to that property, damages as the direct and proximate result of the fire, smoke and chemicals.

50. The foregoing activities constitute a nuisance for which Plaintiffs and the class members are entitled to recovery.

51. As a direct and proximate result of the foregoing, Plaintiffs and the class members experienced damages as outlined herein for which recovery is requested.

## COUNT FOUR

### (Reckless or Willful and Wanton Conduct and Ultra Hazardous Activity)

52. Plaintiffs re-allege all matters set forth above.

53. The actions of Defendants or either of them described herein were reckless, or were willful and wanton.

54. Said actions demonstrated a conscious disregard of a known risk having a substantial likelihood of causing serious harm.

55. Further, the operation of the train in question, carrying pressurized tank cars with dangerous, poisonous chemicals, is an ultra-hazardous activity requiring the exercise of the highest degree of care.

56. Defendants or either of them did not exercise that degree of care and the result was the derailment and other consequences described herein.

57. As a direct and proximate result of the foregoing, Plaintiffs and the class members experienced damages as outlined herein for which recovery is requested.

## DAMAGES

58. Plaintiffs re-allege all matters set forth above.

59. Plaintiffs and the class members have sustained some or all of the following damages:

- The right and necessity to have an inspector of their choice fully inspect their homes and businesses to estimate the full amount of real and/or personal property damage.

7

- The right to have all such damage repaired promptly and fully.
- The right to full compensation for economic and business loss and expense for the persons, firm and entities whose businesses or employment was disrupted.
- The right to full compensation for all medical expenses or costs.
- The right to medical testing, follow-up, monitoring, and related relief.
- The right to full compensation for per diem economic loss, costs, expenses, meals and lodging for those who evacuated, all additional incurred costs or losses for those sheltered in place, and recovery for those who otherwise incurred loss, costs or expenses of an economic nature as a result of the gas leaks.
- The right to full compensation for the evacuation and/or failure to return including but not limited to emotional distress, pain, discomfort and inconvenience.

## COUNT FIVE

### (Injunctive and other equitable relief)

60. Plaintiffs reallege all matters set forth above.

61. Defendants or either of them, through employees, agents or other representatives have engaged in, and are engaging in, a campaign to pay money or other value to putative class members, without court supervision.

62. One purpose of this campaign is to obtain releases from those persons, or put those persons into a position that a release can be argued by Defendants or either of them against the person, for some or all of the losses they have suffered, but without any court supervision.

63. Plaintiffs and those persons do not have an adequate remedy at law to stop this conduct by Defendants, or either of them, and same will continue without intervention by this court, and will cause irreparable harm.

64. Relief in the form of injunction is therefore requested, on a preliminary and thereafter permanent basis, to prohibit Defendants, or either of them, and anyone acting in concert or participation with either of them, to bar the foregoing conduct.

65. Further, to prevent the destruction or spoliation of evidence necessary to confirm fault and liability for the matters in this suit, an order should issue, prohibiting any destruction or

spoliation of any records, equipment or other evidence relating to the subject derailment, its cause, and the consequences thereof.

WHEREFORE, Plaintiffs demand judgment against Defendants as follows:

1. A declaration that this action may be maintained as a class action pursuant to Rule 23 of the Ohio Rules of Civil Procedure and for an Order certifying this case as a class action.

2. Compensatory damages outlined above, together with interest and costs.

3. Punitive damages with interest, attorneys' fees and costs.

4. For declaratory judgment, declaring that the acts and practices set forth above are a breach of Defendants' obligations to Plaintiffs and the class for one or more of the reasons set forth in this Complaint, and for an order requiring Defendants to pay all attorneys fees and accountant or auditing fees incurred in this matter, and to pay all other damages and losses sustained by Plaintiffs and the class, for which they are entitled to judgment under law.

5. Such other and further relief as this Court deems just and proper.

/S/ JAMES R. WISE
───────────────────────────
James R. Wise, Esq. (#0039046)
**Hartford & Wise Co., L.P.A.**
91 W. Taggart Street
East Palestine, Ohio 44413
(330) 426-4121   (330) 967-4967 Fax
Email: *jameswiselaw@yahoo.com*

Patrick J. Perotti, Esq. (#0005481)
Nicole T. Fiorelli, Esq. (#0079204)
Frank A. Bartela, Esq. (#0088128)
Shmuel S. Kleinman, Esq. (#0101330)
**DWORKEN & BERNSTEIN CO., L.P.A.**
60 South Park Place
Painesville, Ohio 44077
(440) 352-3391   (440) 352-3469 Fax
Email: *pperotti@dworkenlaw.com*
   *nfiorelli@dworkenlaw.com*
   *fbartela@dworkenlaw.com*
   *skleinman@dworkenlaw.com*

Counsel for Plaintiffs

## JURY DEMAND

Plaintiffs demand that this matter be tried by a jury of the maximum number allowed by law.

/S/ JAMES R. WISE
---
James R. Wise, Esq. (#0039046)
**Hartford & Wise Co., L.P.A.**
One of Counsel for Plaintiffs